UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: CAROL GUADAGNOLO,<br><br>Debtor. | No. 25-CV-07545 (KMK)<br><br>ORDER |
| CAROL GUADAGNOLO,<br><br>Appellant,<br><br>v.<br><br>21 N. CHATSWORTH OWNERS CORP.,<br><br>Appellee. | |

KENNETH M. KARAS, United States District Judge:

Carol Guadagnolo ("Appellant") filed this bankruptcy appeal on September 10, 2025. (*See* Notice of Appeal (Dkt. No. 1).) Since then, Appellant has not filed any of the required documents that would allow her to proceed with her appeal, including a designation of the items to be included in the record on appeal and a statement of the issues to be presented, or service of the designation and statement on the appellee. *See* Fed. R. Bankr. P. 8003(a)(2). Accordingly, on April 17, 2026, the Court ordered Appellant to show cause within two weeks why this case

should not be dismissed for failure to prosecute or for failure to timely comply with Federal Rules of Bankruptcy Procedure 8009, which explains the requirement for an appellant to designate the record and state the issues on appeal, and 8003, which explains the required contents of a notice of appeal and allows the Court to dismiss the appeal if no steps are taken following the notice of appeal. (*See* O.S.C. (Dkt. No. 3).) There has been no docket activity in the months since.

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order."[1] Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation marks omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). However, it has also stated that the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell*

[1] *See In re Archibald*, No. 23-CV-10462, 2024 WL 2093644, at *3 (S.D.N.Y. May 9, 2024) (ordering dismissal of failure to prosecute bankruptcy appeal based on Rule 41, as well as applicable rules of bankruptcy procedure).

*Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209). No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal of the Action. As to the first factor, there has been no docket activity at all since September 2025. (*See generally* Dkt.) "Although there is no fixed period of time during which [an appellant's] failure to prosecute becomes significant enough to warrant dismissal, delays of several months have been found to suffice," and the delay here is well beyond several months. *Go Home, Ltd. v. Infinite Harmony, Inc.*, No. 18-CV-4358, 2020 WL 13157535, at *2 (E.D.N.Y. Sept. 17, 2020), *report and recommendation adopted*, 2021 WL 7906530 (E.D.N.Y. May 6, 2021); *see also Caussade v. United States*, 293 F.R.D. 625, 629–30 (S.D.N.Y. 2013) (substantively same). As to the second factor, the Court informed Appellant that further delay would be a reason for dismissal and provided Appellant time to respond. (*See* O.S.C.) As to the third factor, there is a presumption that Appellee will be prejudiced by further delays. "Typically, a court examining this factor will examine the length of the delay to determine whether there is a rebuttable presumption of prejudice or there is a need to prove actual prejudice was suffered." *Go Home, Ltd.*, 2020 WL 13157535, at *2 (citing *Caussade*, 293 F.R.D. at 630). "Here, while both parties have failed to participate in this case, the [Appellant's] lack of action in prosecuting this case creates the

presumption that the delay is prejudicial against [Appellee], weighing in favor of dismissal." *Id.* As to factor four, dismissing this case would undoubtedly promote efficiency and ease congestion. And where a plaintiff or appellant "has shown little interest in prosecuting" their case, failed to comply with the Court's orders, and fallen out of contact, this factor weighs in favor of dismissal. *Caussade*, 293 F.R.D. at 631. Finally, as to the fifth factor, "district courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record," *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010), which is the case here because Plaintiff has not engaged with this Action on the docket in almost one year.

Accordingly, Appellant's appeal is dismissed without prejudice for failure to prosecute. *See, e.g.*, *Capogrosso v. Troyetsky*, No. 14-CV-381, 2015 WL 4393330, at *5 (S.D.N.Y. July 17, 2015) (finding the fact that the plaintiff "has not responded to efforts to contact her" weighs in favor of dismissal for failure to prosecute); *Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Smalls v. Bank of N.Y.*, Nos. 05 CV-8474, 07-CV-8546, 2008 WL 1883998, at *4 (S.D.N.Y. Apr. 29, 2008) (dismissing case for failure to prosecute where the court received no communication from the plaintiffs for nearly two months); *Robinson v. United States*, No. 03-CV-1001, 2005 WL 2234051, at *2 (S.D.N.Y. Sept. 8, 2005) ("Only the [p]laintiff can be responsible for notifying the court and the [d]efendant of his updated address, and [the p]laintiff's failure to do so has made it impossible to provide him any notice.").

Similar procedures apply in the context of a bankruptcy appeal. The Federal Rules of Bankruptcy Procedure also give this Court authority to dismiss an appeal based on an "appellant's failure to take any step other than timely filing a notice of appeal." Fed. R. Bankr. P. 8003(a)(2) (explaining that such failure provides "ground . . . for the district court . . . to act as it considers appropriate, including dismissing the appeal"). Here, Plaintiff has not taken any of the steps required under Federal Rule of Bankruptcy Procedure 8009 since filing her appeal or after this Court's Order to Show Cause. That gives the Court independent authority to dismiss this appeal. *See, e.g.*, *In re Archibald*, No. 23-CV-10462, 2024 WL 2093644, at *3 (S.D.N.Y. May 9, 2024) (concluding "whether analyzed under Rules 8009(a), 8003(a)(2), and 8018(a)(1) of the Federal Rules of Bankruptcy Procedure, or under Rule 41(b), the above factors [discussed under the Rule 41 analysis] weigh in favor of dismissal of this appeal" because the appellant had "failed to file any designation of the items to be included in the record on appeal and a statement of the issues to be presented" or an appellate brief); *In re 199 E. 7th St. LLC*, No. 17-CV-545, 2017 WL 2226592, at * (S.D.N.Y. May 19, 2017) (dismissing appeal where appellant "provided no reason for his failure to file a Designation and Statement" under Rule 8009 and explaining that "[t]he filing requirement of Rule 8009(a) is 'quite clear'").

Accordingly, "[b]ecause Appellant has offered no excuse for [her] . . . failure to proceed . . . this appeal is dismissed without prejudice pursuant to the Federal Rules of Bankruptcy Procedure and independently for failure to prosecute under Rule 41(b)." *In re Archibald*, 2024 WL 2093644, at *4. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

DATED: August 19, 2026
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE